IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Pearson                                  :           CIVIL ACTION
          v.                             :
Manzon et al.                            :           NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                (X)

| 2/2/2017 | Michael J. Veneziani | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-931-2560 | 215-925-7516 | mveneziani @ freedmanlorry.c |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)   The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)   In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)   The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)   Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)   Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **169 A Meadowbrook Lane Brookhaven, PA 19103**

Address of Defendant: **6231 PGA Boulevard, Suite 104-113 Palm Beach Gardens, FL 33418**

Place of Accident, Incident or Transaction: **Brookhaven, PA 19103**
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Michael J. Veneziani**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **2/2/2017**   _____   **206660**
                      Attorney-at-Law             Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **2/2/2017**   _____   **206660**
                      Attorney-at-Law             Attorney I.D.#

CIV. 609 (5/2012)

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DANIEL THOMAS PEARSON AND
FRANCES PEARSON (H/W)

## DEFENDANTS
ALBERTO MANZON

(b) County of Residence of First Listed Plaintiff: **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Palm Beach County, FL**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Michael J. Veneziani, Esquire/Freedman & Lorry, P.C.
1601 Market Street, Suite 1500
Philadelphia, PA 19103 - 215-931-2560

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Products Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ IN excess of $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 2/2/17
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**SCOTT A. PORTNER, ESQUIRE**
**MICHAEL J. VENEZIANI, ESQUIRE**
Attorney ID Nos.: 85314, 206660
FREEDMAN & LORRY, P.C.
1601 Market Street, Suite 1500
Philadelphia, Pa. 19103
(215) 925-8400                                              Attorneys for Plaintiff

| | |
|---|---|
| DANIEL THOMAS PEARSON<br>FRANCES PEARSON (H/W)<br>169 A Meadowbrook Lane<br>Brookhaven, PA 19015<br>　　　　　　　　Plaintiff,<br>　　v.<br><br>ALBERTO MANZON<br>6231 PGA Blvd., Suite 104-113<br>Palm Beach Gardens, FL 33418<br><br>　　　and<br><br>EXNOVO, LLC<br>6231 PGA Blvd., Suite 104-113<br>Palm Beach Gardens, FL 33418<br><br>　　　　　　　　Defendants. | UNITED STATES DISTRICT COURT<br>IN THE EASTERN DISTRICT OF<br>PENNSYLVANIA<br><br>DOCKET NO. |

## COMPLAINT – CIVIL ACTION
## JURY TRIAL DEMANDED

1. Plaintiff Daniel Thomas Pearson is an individual residing at 169 A Meadowbrook Lance, Brookhaven, Pennsylvania 19015.

2. Plaintiff Frances Pearson is an individual residing at 169 A Meadowbrook Lane, Brookhaven, Pennsylvania 19015.

3. Plaintiff Daniel Thomas Pearson and Plaintiff Frances Pearson are legally married and resided as husband and wife at all times relevant hereto.

4. Defendant Alberto Manzon (hereinafter "Defendant Manzon") is an individual residing at 6231 PGA Boulevard, Suite 104-113, Palm Beach Gardens, Florida 33410.

1

5. Defendant Exnovo, LLC (hereinafter "Defendant Exnovo") is a corporation duly organized and existing under the laws of a State other than the Commonwealth of Pennsylvania with its principal place of business located at 6231 PGA Boulevard, Suite 104-113, Palm Beach Gardens, Florida.

6. Jurisdiction of this Court is invoked under 28 U.S.C. Section 1332, there being diversity of citizenship between the parties and the amount in controversy being in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages exclusive of interest and costs.

7. Sometime prior to July 24, 2016, Defendant Manzon and Defendant Exnovo designed, manufactured, distributed and placed into the stream of commerce an Orbitrim gas trimmer head (hereinafter referred to as "the product").

8. Sometime prior to July 24, 2016, Defendant Manzon and Defendant Exnovo distributed and sold the product to Plaintiff.

9. On or about July 24, 2016, Plaintiff Daniel Pearson was using the product for its intended purpose of trimming grass at 158 Meadowbrook Lane, Brookhaven, Pennsylvania when a piece of the Orbitrim blade suddenly broke from the trimmer attachment striking Plaintiff's left foot and causing him to sustain the injuries which are the subject of this action.

### COUNT I – STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT, DESIGN DEFECT, AND INADEQUATE WARNINGS AND INSTRUCTIONS

10. The foregoing paragraphs are incorporated herein by reference as if fully set forth at length herein.

11. At the time the product was manufactured, designed, distributed and sold by Defendant Manzon, it was in a "defective" condition unreasonably dangerous to anticipated users in that upon normal use, it was dangerous beyond a reasonable user's contemplation.

12. At the time the product was manufactured, designed, distributed and sold by Defendant Manzon, it was in a "defective" condition unreasonably dangerous to anticipated users in that the risk of harm associated with the product outweighed its utility.

13. At the time the product was manufactured, designed, distributed and sold by Defendant Exelon, it was in a "defective" condition unreasonably dangerous to anticipated users in that upon normal use, it was dangerous beyond a reasonable user's contemplation.

14. A At the time the product was manufactured, designed, distributed and sold by Defendant Exelon, it was in a "defective" condition unreasonably dangerous to anticipated users in that the risk of harm associated with the product outweighed its utility.

15. The product reached the Plaintiff user without substantial change in the condition in which it was sold by Defendants.

16. The product was defective in design by reason of its failure to contain adequate safeguarding devices to prevent its blades from breaking lose while being utilized by anticipated users.

17. The product was defective in design by reason of its failure to contain safeguarding devices to protect an anticipated user from being struck by a blade, should a blade unexpectedly break off during anticipated use of the product.

18. The product was defectively manufactured in that it failed to contain safeguarding devices to protect an anticipated user from being struck by a blade, should a blade unexpectedly break off during anticipated use of the product.

19. The product was defectively manufactured in that it malfunctioned during normal and anticipated use.

20. The product was defective in that it was not provided with adequate warnings or instructions regarding the danger of the blade unexpectedly breaking off during anticipated use of the product.

21. The product was defective in that it was not provided with adequate warnings or instructions regarding the danger of a blade unexpectedly breaking off, appropriate measures to prevent a blade from unexpectedly breaking off and striking the user, the type of safeguarding devices to utilize, and the manner in which such devices function.

22. By reason of the foregoing, Defendants Manzon and Exnovo breached their duty to the Plaintiff Daniel Pearson under the doctrine of strict liability.

23. By reason of the breach by Defendants Manzon and Exnovo of their obligations under the doctrine of strict liability, Plaintiff was caused to sustain severe injuries to his left foot, including a displaced fracture of first metatarsal bone, displaced fracture of second metatarsal bone, laceration of extensor tendon; the full extent of which has not yet been determined. He has severe emotional trauma. He has sustained other orthopaedic, neurological and internal injuries; he has sustained arthritic and vascular changes; he sustained severe shock and injury to his nerves and nervous system; he has in the past required and may in the future continue to require medicines, medical care and attention; he had in the past been and may in the future be compelled to expend monies and incur obligations for such care and attention; he has in the past suffered and may in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been and may in the future be disabled from performing his usual duties, occupations and avocation.

WHEREFORE, Plaintiff Daniel Pearson claims of Defendants Manzon and Exnovo a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages, together with such other and further relief as this Honorable Court may seem just.

## COUNT II – NEGLIGENCE
## <u>DANIEL PEARSON V. ALBERTO MANZON and EXNOVO, LLC</u>

24. The foregoing paragraphs are incorporated herein by reference as if fully set forth at length herein.

25. The injuries sustained by the Plaintiff, as set forth herein, were caused by the carelessness and negligence of the Defendants in:

    a) failing to properly design the product by providing all necessary safeguards to prevent a blade on the trimmer attachment from breaking off;

    b) failing to properly design the product so as to provide all necessary safeguards to prevent an anticipated user from being struck from a blade that breaks off the trimmer attachment;

    c) failing to properly manufacture the product in accordance with its specifications so as to prevent a malfunction of such system;

    e) failing to exercise due care in the design, manufacture, assembly, and sale of the product;

    f) failing to supply adequate warnings and instructions to the purchaser of the gas trimmer attachment regarding the danger of the blades breaking off of the attachment and appropriate measures to take to prevent blades from breaking;

    g) failing to supply adequate warnings and instructions to the purchaser of the product regarding the danger of being struck by a broken blade and appropriate measures to be taken to prevent anticipated user from being struck;

    h) failing to properly design the product and its components in such a manner that would prevent the blades on the gas trimmer attachment from breaking, thereby creating a risk of injury from said broken blades;

      i)      failing to design the product in such a manner as would afford adequate protection from injury to a lawful user thereof;

      j)      Defendants are liable to Plaintiff under the **Doctrine of Res Ipsa Loqitur** as set forth at Section 328 D of the Restatement (Second) of Torts.

26. As a result of the carelessness and negligence of Defendants Manzon and Exnovo and their agents, servants, workmen and employees, Plaintiff was caused to sustain severe injuries to his left foot, including a displaced fracture of first metatarsal bone, displaced fracture of second metatarsal bone, laceration of extensor tendon; the full extent of which has not yet been determined. He has severe emotional trauma. He has sustained other orthopaedic, neurological and internal injuries; he has sustained arthritic and vascular changes; he sustained severe shock and injury to his nerves and nervous system; he has in the past required and may in the future continue to require medicines, medical care and attention; he has in the past been and may in the future be compelled to expend monies and incur obligations for such care and attention; he has in the past suffered and may in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been and may in the future be disabled from performing his usual duties, occupations and avocation.

WHEREFORE, Plaintiff Daniel Pearson claims of the Defendants Manzon and Exnovo, a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages, together with such other and further relief as this Honorable Court may seem just.

## COUNT III – BREACH OF WARRANTY
### DANIEL PEARSON V. ALBERTO MANZON and EXNOVO, LLC

27. The foregoing paragraphs are incorporated herein by reference as if fully set forth at length herein.

28.     Defendants expressly and impliedly warranted that the product and its components were safe and fit for the purpose for which they were made.

29.     The malfunction of the product as set forth herein, constituted a breach of the Defendants' expressed and implied warranty that their product was safe and fit for the purpose for which it was made.

30.     The Plaintiff's injuries and damages as set forth herein were directly and proximately caused by the aforementioned breach of warranty.

31.     By reason of Defendants' breach of warranty, Plaintiff was caused to sustain severe injuries to his left foot, including a displaced fracture of first metatarsal bone, displaced fracture of second metatarsal bone, laceration of extensor tendon; the full extent of which has not yet been determined. He has severe emotional trauma. He has sustained other orthopaedic, neurological and internal injuries; he has sustained arthritic and vascular changes; he sustained severe shock and injury to his nerves and nervous system; he has in the past required and may in the future continue to require medicines, medical care and attention; he has in the past been and may in the future be compelled to expend monies and incur obligations for such care and attention; he has in the past suffered and may in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been and may in the future be disabled from performing his usual duties, occupations and avocation.

WHEREFORE, Plaintiff Daniel Pearson claims of the Defendants Manzon and Exnovo, a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages, together with such other and further relief as this Honorable Court may seem just.

## COUNT IV– LOSS of CONSORTIUM
## FRANCES PEARSON V. ALBERTO MANZON and EXNOVO, LLC

32. The foregoing paragraphs are incorporated herein by reference as if fully set forth at length herein.

33. As a result of the injuries sustained by Husband - Plaintiff, Donald Pearson, the Wife-Plaintiff Frances Pearson, has in the past and will in the future be deprived of the earnings, comfort, society, companionship and consortium of the Husband-Plaintiff to his loss and damage.

WHEREFORE, Plaintiff Frances Pearson claims of Defendants Manzon and Exnovo a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages, together with such other and further relief as this Honorable Court may seem just.

**FREEDMAN & LORRY, P.C.**

BY: _____
MICHAEL J. VENEZIANI, ESQUIRE
Attorney for Plaintiff

January 31, 2017